IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**COURTNEY KELLY,** *et al.***,**

    *Plaintiffs***,**

v.

**ALLSTATE INSURANCE COMPANY,**

    *Defendant***.**

Civil No.: 1:22-cv-03155-JRR

### MEMORANDUM OPINION

    Plaintiff Courtney and Warren Kelly initiated this action against Defendant Allstate Insurance Company. (ECF No. 1; the "Complaint.") Pending now before the court is Defendant's Motion to Dismiss for Lack of Prosecution. (ECF No. 43; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be GRANTED.

**I.   BACKGROUND**

    At all times relevant to this action, Plaintiffs maintained a homeowner's insurance policy (the "Policy") with Defendant for their residence located at 2015 Pembrook Court in Emmitsburg, Maryland (the "Property"). (ECF No. 1 ¶¶ 7–9.) The Policy is an indemnification policy that requires Defendant to "return Plaintiffs' Property to its pre-loss condition, within policy limits." *Id.* ¶¶ 9–10.

    On or about January 13, 2021, a storm caused damage to the Property. *Id.* ¶ 11. Plaintiffs thereafter filed a related claim with Defendant, asking Defendant to "cover the cost of the repairs to the Property, pursuant to the Policy." *Id.* ¶ 12. After an inspection of the property that "failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss," "Defendant set about to deny and/or underpay on properly covered

damages." *Id.* ¶¶ 13–15.  Plaintiffs' claim was thus improperly adjusted, causing a delay in their ability fully to repair the Property.  *Id.* ¶ 15.  Plaintiffs have "yet to receive the full payment to which they are entitled under the Policy," and their "claim remains severely underpaid."  *Id.* ¶¶ 15, 30.  Plaintiffs filed a complaint with the Maryland Insurance Administration ("MIA"), and the MIA denied Plaintiffs relief.  *Id.* ¶ 31.

Plaintiffs filed this action on December 6, 2022, asserting claims of Breach of Contract (Count I) and Failure to Settle Claims in Good Faith pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 3-701 (Count II).  (ECF No. 1 ¶¶ 32–52.)  Following multiple requests to extend the deadlines of the scheduling order, the deadline for discovery has now passed.  (ECF No. 31.)  In their Joint Status Report of March 22, 2024, Plaintiffs asserted:

> Parties are in general communication about discovery across a variety of cases. Parties have not yet had a meet-and-confer to discuss. However, Plaintiff will continue to promptly attempt to resolve any outstanding discovery.

*Id.*  Defendants asserted:

> The Plaintiff has failed to provide dates to complete the depositions of Plaintiffs and their public adjuster, and has failed to provide discovery responses. The Plaintiff just propounded written discovery requests on or around February 6, 2024, and untimely filed a deficient Rule 26(a)(2) Disclosure Statement on February 19, 2024, which the Defendant intends to move to strike.

*Id.*  The parties previously had a settlement conference scheduled before a Magistrate Judge, but that conference was postponed after Defendant asserted it was unable to participate in serious settlement negotiations without completing discovery.  *Id.*  In July of 2024, Plaintiffs' counsel moved to withdraw their representation, which the court granted.  (ECF Nos. 36, 38.)  Plaintiffs were notified that they would, therefore, be proceeding in this action *pro se*.  (ECF No. 39.)  Defendant now files the instant Motion, seeking dismissal for Plaintiffs' failure to prosecute.  (ECF

2

No. 43.) More than two months have passed since the Motion was filed and Plaintiffs have not responded.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b); *see* Local Rule 103.8 (D. Md. 2023). "[A] court has the 'inherent power' to dismiss an action for want of prosecution," power that it "derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

## III.   ANALYSIS

In support of the Motion, Defendant contends that Plaintiffs have failed to respond to Defendant's propounded written discovery and filed deficient and untimely Rule 26(a)(2) expert witness disclosures. (ECF No. 43 ¶¶ 5–6.) As set forth above, Plaintiffs failed to respond to the Motion, effectively conceding this Defendant's assertions and arguments. (ECF No. 48.) *Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point."); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (explaining that a plaintiff "abandon[s]" her claim where she failed to respond to argument).

As explained *supra*, under Rule 41(b), the court may dismiss an action for want of prosecution. In "recognizing the severity of dismissal as a sanction," the Fourth Circuit has identified four criteria (though not a rigid test) that "guide a district court's discretion in dismissing

a case under Rule 41(b)." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019).  The criteria include: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)).  Ultimately, however, the factors are not a four-part test; instead "the propriety of an involuntary dismissal ultimately depends on 'the facts of each case.'" *Id.* (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).  The court considers the four criteria here notwithstanding Plaintiffs' concession of this aspect of the Motion by virtue of their failure to respond to same.

      First, as to Plaintiffs' responsibility, this litigation was instituted on December 6, 2022. (ECF No. 1.)  The parties have received multiple extensions to the scheduling order deadlines, yet discovery has not been completed and Plaintiffs have failed to respond to outstanding discovery requests.  (ECF Nos. 31, 43.)  Plaintiffs have thus failed to comply with this court's order and the Federal Rules of Civil Procedure.  Moreover, since proceeding *pro se*, Plaintiffs have declined to prosecute their case.  Defendant now moves for dismissal, and, as stated, Plaintiffs do not oppose the Motion on that, or any other, basis.  Accordingly, considering Plaintiffs' actions (or, more properly, inaction) in this case, including the lack of progress in discovery despite repeated extensions, as well as their failure to engage in this litigation since the withdrawal of their counsel, the first factor weighs in favor of dismissal.  *See Attkisson*, 925 F.3d at 626 (concluding that the district court did not abuse its discretion in dismissing a complaint pursuant to Rule 41(b) where "the record simply fail[ed] to show that the plaintiffs acted 'diligently' in pursuing their discovery").

Second, as to the amount of prejudice this has caused Defendant, it is significant. This case has been pending for almost two years, the discovery deadline has passed, and Defendant has been unable to complete discovery, including collecting any written discovery responses or depositions of Plaintiffs. (ECF No. 43.) This factor, therefore, also weighs in favor of dismissal.

Regarding the third factor, while there has been no allegation of deliberate dilatory behavior by Plaintiffs, the court notes that the issues Defendant raises have persisted, with no effort by Plaintiffs to cure or correct, for months. Moreover, Plaintiffs have conceded this point due to a failure to respond. That notwithstanding, in view of the absence of any direct evidence or affirmative indication of deliberate dilatory behavior, the court does not weigh this factor in favor of dismissal.

Finally, considering the fourth factor, the court sees no more effective (and less drastic) sanction than dismissal of the action against Defendant, where, at this late stage of litigation, and after Rule 41(b) argument has been asserted, Plaintiffs continue to decline to prosecute their case against Defendant and continue to ignore their duty to respond to discovery requests. This factor, therefore, favors dismissal.

In view of the foregoing, the court concludes that dismissal of this action is warranted under Rule 41(b), especially where Plaintiffs have failed to respond in any fashion to Defendants' Motion. *See Stenlund* and *Ferdinand-Davenport, supra.* The court is ever "mindful that sound public policy favors deciding cases on their merits and therefore that the power to dismiss must be exercised 'with restraint.'" *See Sorto v. AutoZone, Inc.*, 821 F. App'x 188, 194 (4th Cir. 2020). However, as years have passed since the initiation of this action and Plaintiffs continue not to prosecute their case, in the face of well-drawn, substantive argument, the court finds dismissal is warranted. Accordingly, the Motion will be granted.

## IV. CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 43) will be granted, and this case will be DISMISSED.[1]

October 25, 2024                                          /s/_____
                                                          Julie R. Rubin
                                                          United States District Judge

---

[1] Defendant seeks dismissal with prejudice. The court declines to dismiss this action with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").